### GERSTEIN v. HECTOR.
No. 78-15770.
Circuit Court, Dade County.
October 4, 1978.

Michael P. Maguire, Miami, for the plaintiff.

Talbot D'Alemberte of Steel, Hector & Davis, Miami, for the defendant.

THOMAS E. LEE, Circuit Judge.

This cause came for hearing on the defendant's emergency motion for an order vacating the "Temporary Relief (Restraining Order) Without Notice" entered by this court on September 26,

1978 and, after notice to the parties, who were represented through counsel, the court heard testimony of witnesses and argument of counsel. The parties are opponents for the Democratic nomination to District 114, Florida House of Representatives. The complaint ("petition") filed by the plaintiff in this cause seeks to enjoin an advertisement which contains the following message —

Bob Hector recommends:<br>
HECTOR GREEN<br>
No finer fertilizer at any price.

On September 26, 1978 the court issued a temporary restraining order without notice. The following resulted from the hearing —

1. On oral motion of plaintiff's counsel, the defendant agreeing, the court allowed an amendment to paragraph 4 of the "Petition for Injunction and Temporary Restraining Order (Without Notice)" to correct a typographical error. The statute referred to in paragraph 4 of the petition is amended to read Section 106.142, Florida Statutes.

2. After testimony of three witnesses, one of them qualified as an expert on political advertising by the plaintiff, it appears that the following facts are not in dispute —

a. The plaintiff executed the affidavit based on a brief investigation into the ads in question. That investigation consisted of some contact with the advertising staff of The Miami Herald but the plaintiff was not able to testify from personal knowledge as to who authorized the advertisement in question.

b. The testimony of other witnesses demonstrated that the ad was placed by Hector Turf & Garden, Inc. by Fred Maxted, the president and chief executive officer who directs advertising for that company. The ad was placed through an advertising agency used by the company and not used by the Robert Hector campaign. The advertising was planned by Mr. Maxted prior to the run-off campaign now in progress and, although Robert Hector authorized the use of his name, the decision was made by Mr. Maxted who directed the ad be run and then left in August for an extended vacation. Mr. Maxted remembered other occasions when Bob Hector's name was used in promoting Hector Green Fertilizer but was not able to remember the details of those occasions.

c. The plaintiff's theory of this suit is that the mere appearance of Bob Hector's name in the ad during the period of a campaign is sufficient to render the advertisement a political ad even though the statute relied on defines

a political advertisement as one which "shall support or oppose any candidate or issue." The present advertisement promotes fertilizer.

d. The plaintiff's contention runs counter to the opinion of the witness who was qualified by the plaintiff, over the defendant's objections, as an expert in political advertising. This witness testified that the ad in question is not a political ad and that he offered that opinion to the plaintiff prior to the time that the law suit was filed.

It is therefore ordered that the temporary restraining order entitled "Temporary Relief (Restraining Order) Without Notice" heretofore entered by this court is hereby vacated. The court holds that the advertisement in question is not a political advertisement.